UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAHMAN SAIDUR #A095-963-709**   **CASE NO. 6:18-CV-01180 SEC P**

**VERSUS**   **JUDGE SUMMERHAYS**

**WARDEN PINE PRAIRIE I C E**   **MAGISTRATE JUDGE HANNA**
**PROCESSING CENTER**

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Rahman Saidur. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is detained at the Pine Prairie Correctional Center, in Pine Prairie, Louisiana. Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and that it is unlikely that he will be deported to Bangladesh in the reasonably foreseeable future.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## FACTUAL BACKGROUND

Rahman Saidur, a citizen and national of Bangladesh, entered the United States on or about August 21, 2001, as a non-immigrant visitor at New York, New York. [Rec. Doc. 11-1, p. 1] On or about July 12-13, 2004, a final order of removal was issued by immigration officials. [Rec. Doc. 1, p. 2 §6(c); Rec. Doc. 11-1, p.1, ¶ 3] On October 24, 2005, the Board of Immigration Appeals dismissed the appeal of the final order. *Id*. at ¶ 4. Saidur was released on supervision on January 2, 2008. *Id*. He was placed in ICE custody on December 27, 2017 after being convicted of the offense of Contributing to the Delinquency of a Minor. [Rec. Doc. 11-1, p. 1, ¶¶ 5-6] On December 28, 2017, a travel document was issued. [Rec. Doc. 11-2, p. 7] Petitioner then filed a Motion to Reopen, which was denied on March 1, 2018. [Rec. Doc. 11-1, p. 1, ¶ 8] A renewed Travel Document was issued on March 22, 2018. [Rec. Doc. 11-2, p. 5] A Petition for Review was filed on March 30, 2018 and is currently pending with the United States Court of Appeals for the Second Circuit. [Rec. Doc. 11-3, pp. 1-4]

## LAW AND ANALYSIS

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable 6-month post-removal order period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and that it is unlikely that he will be deported to Bangladesh in the reasonably foreseeable future.

However, this Court agrees with the Government's assertion that any delay in the removal of Petitioner is due to his own actions. His filing a petition for review in the Second Circuit and the subsequent automatic stay tolled the running of the requisite time period for removal and resulted in the delay of his removal.

Petitioner challenges his detention pending removal. The statute applicable to the detention of aliens under final orders of deportation, 8 U.S.C. § 1231(a)(1)(A), and, thus, applicable to Petitioner, provides that the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. Although ICE has 90 days to remove an alien after he is ordered removed under 8 U. S. C. § 1231 (a) (1) (A), the Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to *Zadvydas*, detention for up to six months after the removal order becomes final is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. "This 6-month presumption, of course, does not

mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

This removal period can be suspended in situations such as the one at hand where Petitioner's litigation tolls the running of the removal period. An automatic stay of removal has been in effect with the United States Court of Appeals for the Second Circuit since Petitioner filed for review in that Court on March 30, 2018. Although not reflected on the docket sheet of the Second Circuit, "pursuant to the custom and policy of the Second Circuit, petitioner's removal [is] stayed by the filing of his petitions for review. See *Triumph v. Mukasey*, No. 2:07-2117, 2008 WL 660298, *4 (W.D. La. Feb. 13, 2008). *See also United States v. Coskun*, 623 F.App'x 663, 665 n. 1 (5th Cir. 2015).

In *Triumph v. Mukasey*, No. 2:07-2117, 2008 WL 660298, *4 (W.D. La. Feb. 13, 2008), as in the case at bar, the Petitioner who was in post-removal order custody requested relief under *Zadvydas*. He had also filed a petition for review with United States Court of Appeals for the Second Circuit. Petitioner could not be removed although travel documents were available because of the stay. This Court found that the removal period was tolled under 8 U.S.C. §1231(a)(1)(C) because his continuing litigation acted to prevent his removal and dismissed the habeas.

4

In the case at bar, Petitioner's litigation tolls the running of the removal period. The stay of removal in the Second Circuit prevents his removal. *See Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[T]he detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock."); *Rae v. Bureau of Immigration & Customs Enforcement*, No. 2:07-2232, 2008 WL 2051114, * 4 (W.D. La. April 7, 2008) ("[P]etitioner's removal period has been tolled under the statutory provision of INA § 241(a)(1)(C) due to the his continuing litigation which acts to prevent his removal."))

Furthermore, Petitioner cannot establish that he cannot be removed in the reasonably foreseeable future as Bangladesh has already issued travel documents on two occasions. His filing a petition of review in the Second Circuit, which resulted in the stay of removal, hampers his removal. *Mrina v. Holder,* No. 3:08-CV-2182, 2009 WL 2921296, (N.D. Tex., May 11, 2009)(filing motions to reopen removal proceedings caused delay in removal, thus, petitioner not entitled to relief under *Zadvydas*); *Pelich*, 329 F.3d at 1061("We therefore join the existing chorus of courts and hold that an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with . . . efforts to remove him); "[T]he risk of indefinite detention that motivated . . . *Zadvydas* does not exist when an alien is the cause of his on detention." *Pelich*, 329 F.3d at 1060. Petitioner's continued

detention is due to his own actions precluding removal and, therefore, he cannot establish that his continued detention is unconstitutional.

Accordingly,

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED AND DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 26th day of April, 2019.

_____

**Patrick J. Hanna
United States Magistrate Judge**